Braley v. Sportec Prod.                    CV-01-333-JD   07/16/02
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


John H. Braley, et al.

        v.                               Civil No. 01-333-JD
                                         Opinion No. 2002 DNH 133
Sportec Products Co.


                              O R D E R


     The plaintiffs, John and Jennifer Braley, bring this action

against the defendant, Sportec Products Company ("Sportec"),

alleging that Sportec infringed the Braleys' patented design for

a string of decorative lights depicting a series of NASCAR-type

cars.  Sportec denies the Braleys' allegations.  Sportec moves to

dismiss the action, asserting that this court lacks personal

jurisdiction over Sportec, pursuant to Federal Rule of Civil

Procedure 12(b)(2).  In the alternative, Sportec moves to

transfer the action to the United States District Court for the

Southern District of Ohio, Eastern Division, pursuant to 28

U.S.C. § 1404(a).


                             Background[1]

     The plaintiffs, John and Jennifer Braley, are a husband and

wife who live in Andover, New Hampshire with their two young

---

     [1] For the purposes of this motion only, the facts are taken
from the plaintiffs' complaint and the affidavits and supporting
materials submitted by the parties.

children. John Braley is employed as a roofing contractor servicing New Hampshire, Massachusetts, and Vermont, and Jennifer Braley works as a clerk in a convenience store located in Andover, New Hampshire.

In 1998, the Braleys conceived of the idea of a string of party lights in the shape of NASCAR-type cars, and filed a patent application for their design. Prior to issuance of their patent, in October of 2000, the Braleys saw Sportec's NASCAR-type party lights offered for sale in a catalogue from Sports Express by Raceline Direct ("Sports Express"). A friend of the Braleys had received the catalogue at his home in New Hampshire. Sportec's product was also found for sale on the Internet, at the Sports Express and Motorsports by Mail websites.

The Braleys contacted their counsel. Dawn Perry, an employee of the law firm, ordered the product from Sports Express on October 17, 2000.[2] The product was delivered within two days of Perry's order to the law firm, located in Laconia, New Hampshire. The Braleys' counsel wrote to Sportec at that time, expressing the Braley's belief that Sportec's product infringed their design, and suggesting the possibility of a licensing agreement. Sportec's counsel responded that Sportec did not

---

[2] Perry also ordered the product from Motorsports by Mail, but canceled that order after learning that the product was on back order.

believe that its product infringed the Braleys' patent, and therefore a license was not necessary.

On January 2, 2001, the Braleys obtained United States Patent No. D435,921 for their NASCAR-type "string of decorative lights." They filed this action in August of 2001, claiming that Sportec infringed their patent. In the fall of 2001, the Braleys continued to observe Sportec's product offered for sale in the Sports Express and Motorsports by Mail catalogues. Sportec's product was observed for sale in the most recent spring 2002 catalogue from Sports Express. Perry also observed the product for sale on the Internet at www.tcsalescorp.com, www.partylights.com, www.true-fan.com, and www.pictureperfectgifts.com, in June of 2002.

In January of 2002, Sportec filed suit against the Braleys in the United States District Court for the Southern District of Ohio, Eastern Division, alleging patent infringement and tortious interference with business relationships, relating to Sportec's "Race Car Patio Lights," United States Patent No. D445,515. The Braleys have filed a motion to dismiss for lack of personal jurisdiction and improper venue, which is pending.

## Discussion

Sportec moves to dismiss the Braleys' action on the ground that this court lacks personal jurisdiction over Sportec. See Fed. R. Civ. P. 12(b)(2). Alternatively, Sportec moves to transfer the action to the Southern District of Ohio, Eastern Division. See 28 U.S.C. § 1404(a). The Braleys object to both motions.

## I. Personal Jurisdiction

Sportec asserts that it is not subject to personal jurisdiction in New Hampshire because it lacks minimum contacts with this forum. Sportec argues that it is an Ohio corporation that has never directed any of its activities toward New Hampshire. Sportec asserts that it sells its products to independent companies and does not supervise, control, or have advance notice of where those companies consequently market Sportec's products. The Braleys respond that personal jurisdiction over Sportec in New Hampshire is proper under the "stream of commerce theory," because Sportec's product is available for sale in New Hampshire.

In determining whether exercising personal jurisdiction is proper in the context of a patent infringement suit, the court applies the law of the Federal Circuit, not the First Circuit.

4

See _Midwest Indus. Inc. v. Karavan Trailers, Inc._, 175 F.3d 1356, 1359-60 (Fed. Cir. 1999) (en banc); _see also_ _R & J Tool, Inc. v. The Manchester Tool Co._, No. 99-242-M, 2001 WL 1636435, at *2 (D.N.H. Apr. 21, 2001).

In a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to show that the defendant has sufficient minimum contacts with the forum state. _See_ _Viam Corp. v. Iowa Export-Import Trading Co._, 84 F.3d 424, 429 (Fed. Cir. 1996). Where the parties have not conducted discovery on the jurisdictional issue and no evidentiary hearing has been held, the plaintiff need only make a prima facie showing that jurisdiction is proper. _See_ _Graphic Controls Corp. v. Utah Med. Prods._, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998); _Digital Control Inc. v. Boretronics Inc._, 161 F. Supp. 2d 1183, 1185 (W.D. Wash. 2001) (applying Federal Circuit law). "For purposes of [a] 12(b)(2) motion, the district court's task [is] to construe the pleadings and affidavits in the light most favorable to [the plaintiff]." _Graphic Controls_, 149 F.3d at 1383 n.2; _see also_ _Beverly Hills Fan Co. v. Royal Sovereign Corp._, 21 F.3d 1558, 1563 (Fed. Cir. 1994) (stating that where facts alleged by plaintiff are uncontroverted, they are taken as true).

The court's first determination in a jurisdictional analysis is whether the defendant is amenable to service in the forum, pursuant to federal statute or the long-arm statute of the forum

5

state.  See <u>Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.,</u> 484 U.S. 97, 105 (1987); <u>Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,</u> 148 F.3d 1355, 1358 (Fed. Cir. 1998).  The federal patent statute does not provide special provisions for the service of nonresident defendants residing in the United States.  See <u>generally,</u> 35 U.S.C. § 293; <u>Akro Corp. v. Luker,</u> 45 F.3d 1541, 1543-44 (Fed. Cir. 1995).  Therefore, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process."  <u>3D Systems, Inc. v. Aarotech Labs, Inc.,</u> 160 F.3d 1373, 1376-77 (Fed. Cir. 1998); <u>see also</u> Fed. R. Civ. P. 4(e).  New Hampshire's corporate long-arm statute, Revised Statutes Annotated ("RSA") 293-A:15.10(b), has been interpreted to authorize jurisdiction that is coextensive with the federal due process standard.  See <u>Sawtelle v. Farrell,</u> 70 F.3d 1381, 1388 (1st Cir. 1995).  Therefore, the court's inquiry is whether exercising jurisdiction comports with the requirements of federal due process.  See <u>Red Wing Shoe,</u> 148 F.3d at 1358.

In the second step of the analysis, the court determines whether exercising jurisdiction would comport with the requirements of due process under the Fifth Amendment.[3]  <u>See</u> <u>id.</u>;

---

[3] Where a case involves a federal question, the constitutional limits of federal due process are fixed by the

6

see also U.S. Const. amend. V.  "[D]ue process requires only that in order to subject a defendant to a judgment in personam, . . . he have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).[4]  Minimum contacts with the forum must be purposeful, meaning that the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The purposeful contacts requirement is meant to ensure that a nonresident defendant has "fair warning" that its activities may subject it to suit in the forum state.  See Beverly Hills Fan, 21 F.3d at 1565, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  In contrast, personal jurisdiction is not proper where the defendant's sole contacts with the forum state resulted from the "unilateral actions of a third party having no pre-existing

_____

Fifth, as opposed to the Fourteenth, Amendment.  See Viam, 84 F.3d at 427.

[4] Int'l Shoe was decided under the Fourteenth Amendment in the context of a diversity case.  See 326 U.S. at 316. Nevertheless, in patent cases the court applies the Fourteenth Amendment due process test created by Int'l Shoe and its progeny to determine whether minimum contacts exist.  See Viam, 84 F.3d at 427 & n.2.

relationship with the defendant." Beverly Hills Fan, 21 F.3d at 1565, citing World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 298 (1980).

When the plaintiff has made a prima facie showing that the defendant has sufficient minimum contacts with the forum state, the court then determines whether exercising personal jurisdiction would be reasonable. See Int'l Shoe, 326 U.S. at 320; Viam, 84 F.3d at 429-30. Jurisdiction is improper where its exercise would "offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (quotation omitted). To defeat otherwise constitutional jurisdiction, the defendant bears the burden of "marshaling a compelling case against jurisdiction . . . ." Viam, 84 F.3d at 429.


A.   Minimum Contacts

The sufficiency of a defendant's minimum contacts is normally determined according to whether the plaintiff is asserting "general" or "specific" jurisdiction. See Viam, 84 F.3d at 427; Sawtelle, 70 F.3d at 13987 n.3. In this case, the Braleys do not assert general or specific jurisdiction. They contend that Sportec is subject to personal jurisdiction under the "stream of commerce" theory.

Under the "stream of commerce" theory, in a patent case the court may find that an alleged infringer has sufficient minimum

8

contacts with any state in which its product is sold.  See Viam, 84 F.3d at 427-29; Beverly Hills Fan, 21 F.3d at 1566; see also World-Wide Volkswagon, 444 U.S. at 297.  "'[A] forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.'"  Viam, 84 F.3d at 428, quoting World-Wide Volkswagon, 444 U.S. at 297-98.  "'[I]f the sale of a product of a manufacturer or distributor is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly or indirectly, the market for its product . . ., it is not unreasonable to subject it to suit.'"  Beverly Hills Fan, 21 F.3d at 1565-66, quoting World-Wide Volkswagon, 444 U.S. at 297.

The presence of an established distribution channel into the forum state is a significant factor in determining whether the defendant has established purposeful contacts such that it would be subject to personal jurisdiction.  See Beverly Hills Fan, 21 F.3d at 1565-66 & n.15 (collecting cases).  Another factor is whether the defendant knew the likely destination of its products.  Id. at 1566.

The Federal Circuit applies the stream of commerce theory in Beverly Hills Fan and Viam, patent cases on which both parties

9

rely.[5]  In <u>Beverly Hills Fan</u>, the defendant manufacturer had an ongoing relationship with its New Jersey distributor, which sold its fans through a retail company with outlets in Virginia.  <u>See</u> 21 F.3d at 1560, 1564-65.  The retail outlet regularly had approximately fifty of the defendant's fans for sale in its store.  <u>Id</u>. at 1564.  The Federal Circuit found that the distribution channel was intentionally established, it was foreseeable that one termination point of the distribution channel was in Virginia, and that fans would be sold there.  <u>See id</u>. at 1563-64.  The Federal Circuit found minimum contacts and held that the exercise of personal jurisdiction over the defendant in Virginia was proper.  <u>See id</u>. at 1564-66.

In <u>Viam</u>, the defendant, a foreign company, had a marketing agreement with its United States distributor that established a channel, through which the defendant "purposefully directed" its activities in California.  <u>See</u> 84 F.3d at 428-29.  The distributor advertised on the defendant's behalf in California, used the defendant's catalogue for its marketing, and provided regular advice to consumers.  <u>Id</u>.  The Federal Circuit held that the defendant in <u>Viam</u> had sufficient minimum contacts with the

_____

[5] Although the United States Supreme Court acknowledged the validity of the stream of commerce theory in <u>Asahi Metal Indus. Co. v. Super. Cout of Calif.</u>, the Court was split in its discussion of the contacts required to establish jurisdiction under the theory.  <u>See</u> 480 U.S. 102, 112, 116-21 (1987).

10

California and was subject to personal jurisdiction there.  Id.

The Braleys contend that Sportec placed its product into the stream of commerce, and knew, or should have known, that its product would likely be sold in New Hampshire, especially since New Hampshire International Speedway, the site of numerous NASCAR sanctioned races, is located here.

The Braleys' complaint and the other materials submitted by the parties in this case show that Sportec's NASCAR-type lights have appeared in three editions of Sports Express's catalogue which were distributed to New Hampshire consumers.  In addition, Sportec's product is available for sale on the Internet through various websites, which are accessible to New Hampshire consumers.  Perry's purchase of Sportec's product via the Sports Express catalogue demonstrates that the product was offered for sale in New Hampshire.  Taking the facts in the light most favorable to the Braleys, Sportec sold its product to the catalogue and internet companies so that its product might be distributed to the market at large, including New Hampshire.[6]

In addition, as the Braleys point out, New Hampshire International Speedway is located here.  Presumably, Sportec produces NASCAR-type party lights to service the market of NASCAR

---

[6]From the materials reviewed by the court it appears that Sportec does not sell its product directly through a retail outlet, a catalogue, an internet website, or any other means.

fans and spectators.  Taking the facts in favor of the Braleys, Sportec put its product in the stream of commerce with the expectation that it would be purchased by NASCAR fans, many of whom could be found in New Hampshire.

The Braleys have made a prima facie showing that Sportec intentionally established a channel of distribution to sell its NASCAR-type lights, that foreseeably resulted in sales in New Hampshire.  Therefore, the Braleys have met their burden of showing that Sportec has sufficient minimum contacts with New Hampshire under the stream of commerce theory.


B.    Reasonableness of Jurisdiction

Once a plaintiff makes a showing of the defendant's minimum contacts, the defendant may still defeat jurisdiction by making a "compelling case" that jurisdiction would be unreasonable.  Viam, 84 F.3d at 429.  "Defeats of otherwise constitutional personal jurisdiction 'are limited to the rare situation in which the plaintiff's interest and the state's interest in ajudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'"  Akro, 45 F.3d at 1549, quoting Beverly Hills Fan, 21 F.3d at 1568.  Pertinent to intellectual property cases, "the state has definite and well-defined

interests in commerce and scientific development." Viam, 84 F.3d at 430.

In light of the Braleys' showing, the burden shifts to Sportec to show that exercising jurisdiction would be unreasonable. Sportec argues that it would be unfairly inconvenienced by litigation in New Hampshire, however it does not persuade the court that its inconvenience rises to the level of unconstitutional jurisdiction. New Hampshire is the home of the plaintiffs, and the product at issue was sold in New Hampshire and continues to be offered for sale. New Hampshire therefore has a definite interest in providing the forum.

Sportec has not shown that this is one of the rare cases in which otherwise constitutional jurisdiction may not be properly exercised. Sportec's motion to dismiss this action for lack of personal jurisdiction is denied.

## II. Transfer of Venue

In the alternative, Sportec moves to transfer the case to the Southern District of Ohio, Eastern Division. Sportec contends that the convenience of witnesses and the undue burden on Sportec favor a transfer.

In determining procedural issues not pertaining to patent law, regional circuit precedent, rather than Federal Circuit

13

precedent, applies.  See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 793 (Fed. Cir. 2000); Midwest Indus., 175 F.3d at 1359.  The Federal Circuit has not held that transfer of venue is a nonsubstantive issue that "pertains to patent law," as it has for the issue of personal jurisdiction, such that Federal Circuit law should control.  See e.g., HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1306-07 (Fed. Cir. 1999) (applying Federal Circuit law to jurisdiction discussion and Sixth Circuit law to venue discussion); Banjo Buddies, Inc. v. Renosky, 156 F. Supp. 2d 22, 24-25 (D. Me. 2001) (applying First Circuit law to transfer of venue motion in patent case); cf. Midwest Indus., 175 F.3d at 1359-60 (listing certain nonsubstantive issues held by Federal Circuit to be pertinent to patent law).  Therefore, the court will determine Sportec's motion to transfer venue according to the law of the First Circuit.

Sportec moves to transfer on the ground of forum non conveniens, pursuant to 28 U.S.C. § 1404(a).[7]  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

---

[7] Section 1404(a) is a codification of the doctrine of forum non conveniens.  See Albion v. YMCA Camp Letts, 171 F.3d 1, 2 (1st Cir. 1999).

14

brought."  To prevail on a motion to transfer under § 1404(a), a defendant must show "both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum."[8]  Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000).

The court evaluates motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness.  A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotation omitted).  Factors of convenience to be considered by the court include:

> (1) the convenience of the parties; (2) the
> convenience of the witnesses; (3) the relative ease
> of access to sources of proof; (4) the availability
> of process; (5) [the] cost of obtaining willing
> witnesses; and (6) trying the case most expeditiously
> and inexpensively.

F.A.I. Electronics v. Chambers, 944 F. Supp. 77, 80-81 (D. Mass. 1996), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); see also Coady v. Ashcroft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Iragorri, 203 F.3d at 12.

---

[8] The parties do not dispute that the Braleys' action might have been brought in the Southern District of Ohio, Eastern Division.

Factors of public interest are also considered, including the efficient administration of the judicial system, the conservation of judicial resources, and the forum state's interest in the case. See Gulf Oil, 330 U.S. at 508-09; see also 17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][o], at 111-89 (3rd ed. 2000).

"'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1354 (1st Cir. 1992), quoting Gulf Oil, 330 U.S. at 508. "Transfer is inappropriate if the effect is merely to shift inconvenience from one party to another." Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991). Furthermore, where an identical action is pending in another federal court, "the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); but see Veryfine Prods., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 22-24 (D. Mass. 2000) (transferring case where first filed action resulted from plaintiff "jumping the gun" and winning race to courthouse).

Sportec argues that the balancing of conveniences in this case weighs in favor of a transfer. Sportec asserts that it would be a hardship for Sportec, a four-person company, to

litigate in New Hampshire.  It also argues that the witnesses familiar with the design and manufacture of Sportec's product are located in Ohio, and the documentary evidence about its allegedly infringing product is located in Ohio.  In contrast, Sportec asserts, the Braleys would not be unduly burdened by traveling to Ohio for litigation, since they have a business relationship with an Ohio company to market their patent.

The Braleys respond that traveling to Ohio to litigate would result in an undue hardship on them.  They argue that they would lack sufficient funds to proceed with the case, and they would incur expense either transporting their two children with them to Ohio, or making arrangements for care in their absence.

The convenience of the parties does not weigh in Sportec's favor.  The burden on the Braleys to travel to Ohio would be at least equal to the burden placed on Sportec to travel to New Hampshire.  The Braleys are residents of New Hampshire and the alleged marketing and sale of Sportec's product took place in New Hampshire.  Sportec has not shown a significant difference in the burden on its witnesses, or the documentation required for its defense, as opposed to the Braleys' witnesses and documents.[9]

---

[9] The court notes that the potential witnesses named by Sportec are its employees, and therefore may be compelled by Sportec to testify in New Hampshire.  See Galonis v. Nat'l Broad. Co., 498 F. Supp. 789, 793 (D.N.H. 1980).

17

Furthermore, the Braleys' action is the first-filed suit in this dispute by eight months.[10]  The Braleys' willingness to travel to Ohio, if necessary, to litigate a claim against them does not defeat their choice of forum for their own claim against Sportec.

Sportec has not met its burden of showing that a balancing of conveniences strongly favors a transfer.  In this case, a transfer would most likely shift the inconvenience to the Braleys, which is insufficient to justify disturbing the plaintiffs' choice of forum.  Sportec's motion to transfer is denied.

Conclusion

Sportec's motion to dismiss for lack of personal jurisdiction (document no. 11) is denied.  Sportec's motion in the alternative to transfer venue to the Southern District of Ohio, Eastern Division (document no. 11), is also denied.

Before expending more of their resources in preparing this case for trial, the parties should attempt to seek a resolution of this matter.  In furtherance of this, the court suggests that the parties consider mediation before Attorney David Plante, an experienced patent attorney, arbitrator, and mediator, who is a

---

[10] The Braleys' motion to dismiss Sportec's action for lack of personal jurisdiction is pending.  If granted, the Braleys will not be traveling to Ohio to defend that claim.

18

member of the mediation panel for this court's mediation program.

His resume is attached.

     SO ORDERED.

                             _____
                             Joseph A. DiClerico, Jr.
                             District Judge

July 16, 2002

cc:   Edward D. Philpot Jr., Esquire
      Robert J. Rabuck, Esquire
      Mark A. Losey, Esquire