Tony COLIDA, Plaintiff–Appellant,

v.

**LG ELECTRONICS, INC.,**
Defendant–Appellee.

No. 03–1399.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 8, 2003.

Before MAYER, Chief Judge, MICHEL and BRYSON, Circuit Judges.

PER CURIAM.

Tony Colida appeals from the order of the United States District Court for the District of New Jersey granting the motion of LG Electronics, Inc. to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficient service of process. *Colida v. LG Elec., Inc.*, No. 02–4947 (D.N.J. Apr. 28, 2003). The district court held that based on the allegations in the complaint and submitted affidavits an exercise of personal jurisdiction over LG Electronics would not comport with due process, and that the service made on an employee of LG Electronics' independent New Jersey subsidiary was insufficient to establish jurisdiction over LG Electronics, a Korean corporation. Accordingly, it dismissed the complaint without prejudice. We *affirm.*

### BACKGROUND

Mr. Colida owns United States Design Patent No. 321, 347 ("the '347 patent") for the design of a "Cellular Portable Handset Telephone." He claims that LG Electronics is infringing the '347 patent by manufacturing and selling a portable handset telephone known as the "LX 5350."

LG Electronics is a corporation organized under the laws of the Republic of Korea having a place of business at LG

Twin Towers, 20, Yoido-dong, Yongdunpo-gu, Seoul 150–721 Korea. LG Electronics USA, Inc. is a United States subsidiary of LG Electronics. LG Electronics USA is a Delaware corporation having a place of business in Englewood Cliffs, New Jersey.

Mr. Colida served the complaint in the present action on LG Electronics USA at the Englewood Cliffs, New Jersey, office. Sarah Lamendola, an employee of LG Electronics USA, accepted the complaint by mistake, believing it to be for her employer. Neither she nor LG Electronics USA was authorized to accept service on behalf of LG Electronics.

LG Electronics moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5), respectively. Based on a review of the parties' submissions, including declarations submitted on LG Electronics' behalf, the court found that LG Electronics has no registered agent for service of process in the United States, is not registered or licensed to conduct business in New Jersey, "has never maintained any manufacturing facilities or offices, nor owned any real or personal property in New Jersey[,]" has no personnel working or living in New Jersey, and has never maintained a bank account in or been listed in a telephone directory in New Jersey. *Colida v. LG Elec., Inc.*, No. 02–4947, slip op. at 2–3 (D.N.J. Apr. 28, 2003). It further found that "LG Electronics has never targeted its products, including the LX5350 cellular phone at New Jersey residents" and "does not ship any cellular telephones, including the LX5350 cellular telephone, to customers in New Jersey." *Id.* at 3.

As to the relationship between LG Electronics and LG Electronics USA, the court noted:

(i) the two corporations have separate and functioning Boards of Directors and maintain separate accounting systems; (ii) LG Electronics does not direct or finance LG Electronics USA's daily operations or internal affairs; (iii) LG Electronics USA does not have the authority to conduct business on behalf of LG Electronics; (iv) LG Electronics USA has no relationship to LG Electronics [sic] cellular telephone business; and (v) LG Electronics USA does not design, make, import, or sell any cellular telephones, including the accused LX 5350 cellular telephone.

*Id.* In response to Mr. Colida's argument that a website[1] belies LG Electronics' assertions about its relationship with its subsidiary and the forum, the court stated that "LG Electronics ... establishes that the website is maintained by LG MRO, Ltd., an affiliated company. The individual webmaster is not an LG Electronic [sic] employee and mistakenly characterized LG Electronics USA as a branch office of LG Electronics." *Id.* at 4.

Finally, the court noted "[t]he complaint does not allege the product is marketed in New Jersey, nor does it ... indicate that the instant litigation results from injuries that arise out of or relate to LG Electronics's [sic] activities in New Jersey." *Id.* at 9.

On these facts, the district court held that Mr. Colida "has not established that LG Electronics has minimum contacts with New Jersey" and "an exercise of jurisdiction over LG Electronics would not be

---

1. According to the district court, the website in question "indicates that LG Electronics's [sic] subsidiaries are treated like divisions, and sell the LG Electronics line including cellular phones; LG Electronics operates a New Jersey office and a New York office, and LG Electronic [sic] has a wireless division in San Diego, California." *Colida*, No. 02–4947, slip op. at 3–4.

'reasonable and fair.'" *Id.* at 9–10 (citation omitted). It further held the parent-subsidiary relationship without more does not establish an agency relationship for purposes of service of process, and that the website on which Mr. Colida relied was "inadequate" to establish that such a relationship exists between LG Electronics and its subsidiary. Accordingly, it dismissed the complaint without prejudice.

## DISCUSSION

We treat a district court's conclusion as to whether it has personal jurisdiction over a party as a question of law subject to de novo review. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir.2000). District court findings regarding underlying disputed facts are reviewed for clear error. *Dainippon Screen Mfg. Co. v. CFMT Inc.*, 142 F.3d 1266, 1269 (Fed.Cir.1998). We need not decide what standard of review applies to a district court's evaluation of the sufficiency of service of process because we conclude that even under de novo scrutiny, the district court's determination was correct.

## I.

Federal Circuit law governs personal jurisdiction determinations in patent cases. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995). "Determining whether specific personal jurisdiction over a nonresident defendant is proper entails two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of jurisdiction would be inconsistent with due process." *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed.Cir.2003).

The New Jersey long-arm rule (New Jersey Court Rule 4:4–4) authorizes the exercise of personal jurisdiction over nonresidents to the full extent permitted by due process. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981). "Thus, in this case, the two-step inquiry folds into one: whether an exercise of personal jurisdiction ... would offend Due Process." *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998).

A court has the power to exercise jurisdiction over a nonresident defendant if the defendant has "minimum contacts" with the forum, unless the exercise of jurisdiction "would be unreasonable ... under all the facts and circumstances." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565, 1568 (Fed.Cir.1994) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 121–22, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "The 'minimum contacts' test examines the number and nature of a defendant's contacts with the forum. In general, when the cause of action at issue 'arises out of or relates to' those contacts, a court may properly assert personal jurisdiction, even if those contacts are 'isolated and sporadic.'" *Red Wing Shoe*, 148 F.3d at 1359 (quoting *Burger King*, 471 U.S. at 472–73). The plaintiff bears the burden of showing that the defendant has the requisite minimum contacts with the forum. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed.Cir. 2001). Even where, however, the plaintiff establishes that the defendant has purposefully directed his activities at the forum state and the claim arises out of those activities thereby clearly satisfying the minimum contacts test, the defendant may succeed in "'present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 476–77).

Based on the allegations of the complaint and the evidence adduced by

way of affidavit by the parties, the district court concluded that there was "no basis from which personal jurisdiction could be found in New Jersey over LG Electronics." *Colida,* No. 02–4947, slip op. at 9. After noting that LG Electronics "conducts no business ..., does not solicit customers ..., does not maintain any offices ..., and does not have any employees" in New Jersey, it acknowledged that a patentee may establish minimum contacts by showing "that the infringing product had been made available for purchase in the forum state through a 'distribution channel.'" *Id.* (citation omitted). It noted, however, that "[t]he complaint does not allege that the product is marketed in New Jersey, nor does it ... indicate that the instant litigation results from injuries that arise out of or relate to LG Electronics's [sic] activities in New Jersey." *Id.* In the absence of at least such allegations, an exercise of jurisdiction would be improper. *Cf. Beverly,* 21 F.3d at 1563, 1566 (holding that uncontroverted allegations that a Chinese manufacturer sold allegedly infringing products to customers in the forum state through intermediaries constituted the "required jurisdictional showing" under either version of the "stream of commerce" theory). The district court therefore correctly decided that it lacked personal jurisdiction over LG Electronics.

We note, however, the district court's statement that Mr. Colida "has inexplicably not sought to recover against distributors of the cellular phone in New Jersey." *Colida,* No. 02–4947, slip op. at 2. If the phones Mr. Colida asserts infringe his patent arrive in New Jersey through LG Electronics' "purposeful shipment ... through an established distribution channel[,]" and if Mr. Colida so alleged without challenge in his complaint, an exercise of jurisdiction would be proper, unless "it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances...." *Beverly,* 21 F.3d at 1565, 1568. The district court stated that "[u]nder the facts presented here, an exercise of jurisdiction over LG Electronics would not be 'reasonable and fair.'" *Colida,* No. 02–4947, slip op. at 9–10 (citation omitted). However, as we noted in *Beverly,* cases where considerations of "'fair play and substantial justice' defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities" "are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly,* 21 F.3d at 1568 (quoting *Asahi,* 480 U.S. at 121–22 (Stevens, J., concurring in part and concurring in the judgment) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945))). Reasonableness is determined by balancing several factors, namely: "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (3) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." *Viam Corp. v. Iowa Export–Import Trading Co.,* 84 F.3d 424, 429 (Fed.Cir.1996) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). In *Beverly,* for example, we concluded that it would not be unreasonable for a district court in Virginia to exercise jurisdiction over a Chinese manufacturer of allegedly infringing ceiling fans where it was alleged that the manufacturer was "selling ceiling fans embodying the patented invention *to customers in ... Virginia through intermediaries....*" *Beverly,* 21 F.3d at 1563

(emphasis in original). We noted that in the absence of evidence contravening these allegations and the presence of evidence that the accused fans were sold in Virginia, "it can be presumed that the distribution channel ... was intentionally established," and that the defendant (and its distributor) "knew, or reasonably could have foreseen, that a termination point of the channel was Virginia." *Id.* at 1563–64. On these facts, we concluded that an exercise of jurisdiction would be reasonable, given Virginia's "significant" interest in "discouraging injuries that occur within the state" and its "substantial interest in cooperating with other states to provide a forum for efficiently litigating [the] cause of action." *Id.* at 1568.

As noted above, however, the district court correctly concluded that Mr. Colida did not establish the requisite minimum contacts for an exercise of personal jurisdiction. Specific findings of fact relating to reasonableness were therefore not required. Only if Mr. Colida alleges uncontroverted facts sufficient to establish minimum contacts would the district court need to consider the application of the reasonableness factors to the facts of the case and make the appropriate findings. Therefore, we need not review the court's findings on reasonableness in this appeal.

## II.

The district court correctly concluded that service on LG Electronics USA was insufficient to establish jurisdiction over its corporate parent, LG Electronics. Neither Ms. Lamendola nor LG Electronics USA was authorized to accept service on LG Electronics, and the law does not imply such an authorization simply by virtue of the fact of corporate affiliation. *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 88–1407, 1988 WL 92460 at *4 (D.N.J. Sept. 6, 1988). Furthermore,

Mr. Colida has pointed to nothing suggesting error, clear or otherwise, in the district court's findings that LG Electronics did not control the content of the website on which he relies and that the website's characterization of LG Electronics USA as a "branch office" of LG Electronics was inaccurate. Accordingly, we also affirm the dismissal without prejudice for insufficient service of process. Indeed, our affirmance of the dismissal could rest on this ground alone.

## CONCLUSION

For the foregoing reasons, we affirm the district court's grant of LG Electronics' motion to dismiss without prejudice for lack of personal jurisdiction and insufficient service of process.