NEWMAN, Circuit Judge,
dissenting.
I cannot agree that personal jurisdiction is absent. The entirety of the contacts with the forum, as to both plaintiff and defendant, adequately supports the exercise of personal jurisdiction in the Northern District of Alabama, comporting with the principles of personal jurisdiction as elaborated by the Supreme Court. From my colleagues’ contrary ruling I must, respectfully, dissent.
This is not merely the forum to which Aten International sent its notice of infringement; it is also the forum in which Aten International conducts regular retail sales of its products, and in direct competition with Avocent’s products; the forum in which the accused infringing activities occur and in which Aten International’s threatened suit would be brought; and the forum whose state and common laws apply to the complaint’s counts of disparagement of Avoeent’s products and tortious interference with commercial relations. In further distinction from the cases cited in the majority’s opinion, there is no other forum in which all of the counts of the complaint can be resolved as of right. Indeed, in the closest precedent on similar facts, where the foreign patentee had no place of business in the United States but charged a domestic company with infringement, that foreign patentee was held subject to personal jurisdiction in the state in which the declaratory plaintiff resided and the foreign patentee did business through a distributor. Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424 (Fed.Cir.1996). In application of Due Process and fairness, all factors must be considered, including the availability of alternative fora, in deciding whether the defendant’s contacts with the forum are sufficient for the exercise of personal jurisdiction.
As this court stated in Viam, 84 F.3d at 429, it cannot have been contemplated that a foreign patentee who is participating in the United States market through subsidiaries and distributors, can rely on and enforce its patents against its competitors and the competitors’ customers, and compete in ways that may be unfair or illegal under United States law, yet avoid being brought to account by keeping its corporate persona offshore.
My colleagues on this panel state that the law is that a patentee that moves its goods into a forum through a licensee is subject to the jurisdiction of the forum, but a patentee that moves its goods into a forum through a subsidiary and distributors is not subject to the jurisdiction of the forum. No basis for this delicate distinction can be found in precedent. Indeed, the principles that characterize precedent negate such a distinction. The overarching criteria of precedent are Due Process and fairness; requiring some minimal contacts between the forum and the defendant, but evaluating those contacts in the context of fairness to both parties, and recognizing circumstances such as here prevail, where there is no other forum for this complaint.
With all respect to the panel majority, they err in their analysis, for they simply take in isolation each factor that can contribute to jurisdiction and find such factor inadequate, occasionally finding that some other factor plucked from a prior ruling is *1342 also not present, and weave a tapestry that excludes this complaint from every court in the United States. It is the totality of factors, in combination and interrelationship, that must be considered, with a firm fix on the overarching considerations of personal jurisdiction: Due Process and fairness, to the plaintiff as well as the defendant.
Avocent brought this declaratory action in the forum of its corporate residence and principal place of business, the forum in which the accused infringing activities are conducted, the forum to which Aten International directed its notice of infringement, the forum in which Aten International products are regularly sold in large retail stores, the forum in which the effects of the asserted unfair competition and commercial torts are most directly felt, the only forum whose state and common law apply to the commercial counts of the complaint. I shall discuss each of these contributing factors as they relate to the forum and the exercise of personal jurisdiction.

The considerations for personal jurisdiction

Plaintiff Avocent Huntsville Corp. is a corporation of the state of Alabama located in Huntsville, Alabama, and is a manufacturing and sales subsidiary of Avocent Corporation, a Delaware corporation having its headquarters and principal place of business in Huntsville, Alabama. Co-plaintiff Avocent Redmond Corp. is also a subsidiary of Avocent Corporation, incorporated in the state of Washington. (Plaintiffs herein collectively “Avocent.”) The defendant, Aten International Co., Ltd., is a corporation of the Republic of China, with its headquarters in Taipei, Taiwan. Aten International has no registered office and no official address in the United States, and sells and distributes its products through a United States subsidiary identified as Aten Technology, Inc., and an entity called IOGEAR.
Aten International, through a lawyer in California, wrote to the President of Avo-cent Corporation in Alabama, giving notice of a patent publication that the letter stated would be infringed by certain Avocent products. An Aten lawyer also wrote to customers of Avocent, including Amazon.com, stating that certain products that Amazon purchases from Avocent infringe designated patents of Aten International. Aten International is the patentee of the two patents that are the subject of these letters, as well as the manufacturer of the competing products.
Avocent filed suit in the Northern District of Alabama, with declaratory counts of patent invalidity and also counts for unfair competition under federal law and for various commercial torts under Alabama state law. The standard for the exercise of personal jurisdiction in a forum in which the defendant is not resident, is a matter of Due Process; that is, whether it is reasonable and fair to cause the defendant to appear and defend in that forum. The relevant considerations are summarized by the Court as “the burden on the defendant, the forum State’s interest in adjudicating the dispute, the plaintiffs interest in obtaining convenient and effective relief, the interstate judicial system’s interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted).
The reasonableness of exercise of personal jurisdiction is determined by weighing all relevant factors, including the interests of all parties, the state’s interest, and the collective interest in the overarching considerations of due process and fairness. *1343 See Electronics for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1352 (Fed.Cir.2003). All factors must be considered, in the basic inquiry of whether “the quality and nature of the activity in relation to the fair and orderly administration of the laws” is sufficient for a forum to exercise jurisdiction. International Shoe v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
I identify seven general factors that contribute to the relationship between the disputants and involve the Alabama forum. Applying the criteria of precedent to the societal interest in resolution of controversy through judicial process, I conclude that the exercise of jurisdiction in the Alabama forum is not only reasonable, but necessary.
I start with the direct contact with the Alabama forum by Aten International, in which it sent notice of patent infringement to an Alabama resident:

(1) Aten International’s infringement letter to Avocent Corporation’s President in Alabama

Aten International’s lawyer in California wrote to Mr. John Cooper, the President and CEO of Avocent Corporation, at the corporate headquarters in Huntsville, Alabama, enclosing a copy of Aten International’s published United States patent application entitled “Automatic Switch”, which issued as Patent No. 7,035,112. The letter stated: “we believe that [the claims] are relevant to a product your company is making, using, selling, offering to sell and/or importing,” and referred to 35 U.S.C. § 154(d) which provides for damages for infringement of a published application. Letter from attorney George G.C. Tseng dated May 28, 2004.
We need not decide whether this letter, without more, would provide personal jurisdiction over the sender in the forum of the recipient, for here several additional factors provide this weight, including Aten International’s products distributed in Alabama and sold in Alabama retail stores, and Aten International’s contacts with Avocent’s customers that are the subject of the counts of unfair competition, disparagement, and interference with commercial relations in Alabama and under Alabama law. Also relevant is the apparent absence of any other forum as to these counts.
This court has recognized personal jurisdiction in circumstances no less remote than those here. In Campbell Pet Co. v. Miale, 542 F.3d 879 (Fed.Cir.2008) this court held that the patentee was subject to declaratory action in the state of Washington, finding sufficient, contact where the patentee had attended a trade show in Washington, had complained about the plaintiffs display and asked the show manager to remove it, and then wrote to the plaintiff in Washington, charging infringement. Although the district court had dismissed the action for lack of personal jurisdiction, this court reversed, stating that “the defendants’ conduct went beyond simply informing the plaintiff that they regarded the plaintiffs products as infringing [because] the defendants took steps to interfere with the plaintiffs business by enlisting a third party to take action against the plaintiff.” Id. at 887. The “third party” was the trade show manager, who had been asked (and refused) to remove the offending exhibit. Thus a single commercial-type contact with the forum, plus an accusatory letter to the plaintiff in the forum, was deemed sufficient.
Analogy is also seen in Akro Corp. v. Luker, 45 F.3d 1541 (Fed.Cir.1995), where Luker, a resident of California, sent infringement warning letters to Akro’s corporate residence in Ohio. This court concluded that “all Luker’s warning letters were, for purposes of our due process in *1344 quiry, directed to Akro in Ohio,” id. at 1546, and held that the letters, plus Luker’s commercial activities conducted through distributors in Ohio, sufficed to support personal jurisdiction in Ohio “[b]e-cause Luker purposefully directed activities regarding the [patent at issue] toward residents of Ohio, those activities are related to Akro’s cause of action, and Luker failed to demonstrate that jurisdiction over him would be unconstitutionally unreasonable.” Id. at 1549.
All considerations must be weighed, not in isolation, but together, in deciding whether the forum can, and should, entertain the suit. Thus Aten International’s commercial activity in the forum is highly relevant:

(2) Aten International’s contacts with the Alabama forum include sale of Aten’s products through distributors and at retail in Alabama

My colleagues are mistaken in their statement that “the plaintiffs failed to allege that the Taiwanese company purposefully directed any activities beyond merely sending notice letters at residents of the forum”, maj. op. at 1326, and in their ruling that the commercial activity of a non-resident company in the forum is always irrelevant to personal jurisdiction. Aten International products are sold in the Best Buy and CompUSA stores in Huntsville and in Birmingham, which is also in the Northern District of Alabama. Declaration of Joseph Hallman ¶ 5 (Jul. 19, 2007); Declaration of Michael R. Casey ¶ 4 (Jul. 20, 2007). In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) the Court explained that “the forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.” It is not disputed that Aten International has placed its products into the stream of commerce including retail stores in Alabama. It is relevant that Aten International is a foreign company, whose commercial operations in the United States are apparently conducted only through subsidiaries and distributors — although, as I shall discuss, Aten International litigates its patents in its own name in United States tribunals.
The facts of this case are similar to those in Viam, supra, where this court held that the Central District of California had personal jurisdiction of the two nonresident defendants: the Italian corporation SPAL, and SPAL’s United States distributor Iowa ExporNImport. The defendants’ only activity involving California was the sale of goods made in Italy by SPAL and on which SPAL had a United States patent. SPAL’s Iowa-based distributor wrote to Viam Corporation in California, stating that Viam’s product infringes SPAL’s patent. On receiving the letter, Viam filed a declaratory judgment action in the Central District of California.
This court, reversing the district court’s dismissal for lack of personal jurisdiction, held that the sale of SPAL’s products in California, plus the letter to Viam in California, established that “SPAL purposefully directed its activities at the forum State, and Iowa Export, acting as SPAL’s agent, purposefully initiated the interaction with Viam that resulted in the instant suit.” 84 F.3d at 429. The court held that: “There is sufficient connection between [the nonresident patent owner’s and its distributor’s] activity and the litigation to satisfy [the minimum contacts] prong of the International Shoe Due Process test,” id., and explained that “ ‘[m]inimum contacts’ is understood to require that a defendant has ‘purposefully availed himself of the privilege of conducting activities within the fo *1345 rum state, thus invoking the benefits and protections of its laws’ ”, id. at 428 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). This court held that “allowing the forum to exercise jurisdiction cannot be said to be unfair.” Id. at 430.
The analogy is direct: both Aten International and SPAL are foreign owners of United States patents who do business in the forum through United States entities, and who caused letters to be sent to the asserted infringer at its principal place of business, which was the forum in which the recipient filed suit. This court’s holding that SPAL is subject to personal jurisdiction in California requires the same result here. Precedent is that when the patentee’s products reach the forum through the stream of commerce initiated by the patentee, this contact, together with letters directed to the accused in-fringer in the forum, are sufficient to support personal jurisdiction of the patentee in the forum. This is the holding in Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1572 (Fed.Cir.1994), where this court explained that a nonresident manufacturer may be subject to personal jurisdiction based on the manufacturer’s placement of infringing goods into the stream of commerce with the reasonable expectation that they would reach that forum.
In direct affront to these general rules of precedent, the panel majority holds that sales of Aten International products in Alabama stores, whether or not the products are covered by the patents in dispute, cannot be considered in establishing “minimum contacts” with the forum, for the majority opinion states: “We hold that such sales do not constitute such ‘other activities’ as will support a claim of specific personal jurisdiction over a defendant pat-entee.” Maj. op at 1336. This holding is contrary to this court’s own precedent and that of the Supreme Court. The panel majority postulates that Aten International does not know that its goods are being sold in the Best Buy and other stores in Huntsville and Birmingham, Alabama, and concludes that Avocent must prove that knowledge at this pleading stage. My colleagues refer to Aten International’s representation that its business is done in the United States through its subsidiaries and distributors, and rule that “Avocent’s complaint is fatally deficient [because it] does not explicitly identify Aten Technologies or IOGEAR or explain the relationship between these corporate entities.” Maj. op. at 1338. My colleagues ignore that the sole listed owner of the patents is Aten International of Taiwan, and the products on sale in Alabama are marked as manufactured by Aten International, thus prima facie placing Aten International atop the chain of commerce. Indeed, Aten International is the plaintiff in infringement suits being prosecuted in Texas and California on these same patents. At the pleading stage, without discovery, Avocent cannot be charged with a “fatally defective” complaint simply because it has not shown the detailed relationship between the parent corporation and its United States affiliates.

(3) Aten International’s contacts with Avocent’s customers are the focus of the commercial tort counts under Alabama law

Aten International not only informed Avocent in Alabama that its products infringe an Aten International patent, but also contacted Avocent’s customer Amazon.com and suggested that it “discontinue selling the [accused Avocent] products.” Declaration of Christopher Thomas ¶ 8 (Jul. 13, 2007). The letter to Amazon.com is from the VP of Operations/General Counsel of IOGEAR in Hubble, California, identifying the Aten International '112 patent here in suit.
*1346 Counts Three and Four of Avocent’s Complaint state that Aten International attempted to “dissuade and/or deter Avo-cent’s customers and potential customers from buying Avocent’s SwitchView products,” that Aten International intentionally interfered with Avocent’s business and/or contractual relations, and that Aten International’s “false and misleading statements about the nature, characteristics, and/or qualities of Avocent’s SwitchView products” caused injury to Avocent including “lost revenue, lost business opportunity, and damages to its reputation and that of its products.” Complaint ¶¶ 20-23, 25-27 (Apr. 6, 2007).
It is not disputed that the products of Aten International and Avocent are in competition. Competitive relationships are of significance to the commercial tort and unfair competition counts. Avocent describes Aten International’s actions as “intentionally directed at a[n] [Alabama] resident,” and cites Colder v. Jones, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), where the Court held the nonresident defendants subject to personal jurisdiction in California in a libel suit brought by a California resident, since the defendants’ “intentional, and allegedly tor-tious, actions were expressly aimed at California” for the injury to the plaintiff was felt in California. In Colder the defendants had no contacts with California other than phone calls and occasional visits, but the Court held that “jurisdiction over [the Florida residents] in California is proper because of their intentional conduct in Florida calculated to cause injury to [plaintiff] in California.” Id. at 789, 104 S.Ct. 1482. The Court explained: “An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California.” Id. at 790, 104 S.Ct. 1482. Similarly, the alleged injuries to Avocent were felt in Alabama as a result of Aten International’s contacts with Avocent’s customers, analogous to the pat-entee’s “intent that the third party take action directly against [the plaintiffs] business interest.” Campbell Pet, 542 F.3d at 887.
In general, the courts tend to allow personal jurisdiction when the injury to the plaintiff has been manifested in the forum, and when fairness is not compromised thereby. See, e.g., Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063 (10th Cir.2008) (personal jurisdiction allowed in Colorado over California defendants because the defendants’ conduct in California caused injury to plaintiff in Colorado); Bancroft & Masters, Inc. v. Augusta Nat’l, Inc., 223 F.3d 1082, 1088 (9th Cir.2000) (personal jurisdiction allowed in California over Georgia defendants because of the defendants’ “individualized targeting” against the California entity).
The commercial tort counts, which arise under Alabama law, provide additional support for the exercise of jurisdiction in the Alabama forum.

(4) Avocent’s manufacture of the accused infringing products is conducted in Alabama

Avocent states that the products referred to in Aten International’s letter are Avocent’s SwitchView line of KVM switches (K for keyboard, V for video display, M for mouse), which are manufactured in Huntsville, Alabama. Infringement is a compulsory counterclaim for the declaratory judgment action, and Avocent states that the witnesses and evidence with respect to the charge of infringement are centered in Alabama.
Alabama is a focal point for harm to Avocent, should Avocent succeed in its challenge to Aten International’s actions directed at Avocent and Avocent’s customers. Similarly, Alabama is a focal point for Aten International’s proofs of infringement *1347 and damages, should Aten International succeed in its charges. No other forum, even if such were available, appears to be superior for resolution of this dispute.

(5) Aten International has brought infringement suits in other United States tribunals on the same patent on which it wrote to Avocent in Alabama

Aten International has initiated litigation against several other United States companies for infringement of the same patent about which it notified Avocent and Avocent’s customers. Infringement suits have been filed by Aten International in the Eastern District of Texas and the Northern District of California, and Aten International and its U.S. subsidiary Aten Technology filed a complaint with the International Trade Commission. These actions dissipate any possible unfairness in subjecting Aten International to the jurisdiction of a United States tribunal far from home, for it is apparent that Aten International is not unwilling to invoke the United States tribunals for enforcing its patents.
As this court stated in Viam, 84 F.3d at 429, it cannot have been contemplated that a foreign patentee who is participating in the United States market can rely on and enforce its patents against its competitors and the competitors’ customers, yet avoid personal jurisdiction as a defendant. Although I note that Aten International alternatively requested transfer to the Western District of Washington, the district court did not so transfer, perhaps out of uncertainty as to whether there would be any better personal jurisdiction in Washington than in Alabama. See 28 U.S.C. § 1631 (when the “court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed”).
The panel majority states that it would make a difference if Aten International had brought its infringement suits against third parties in the Alabama forum, instead of in Texas and California, apparently on the theory that Aten International would thereby have subjected itself to the jurisdiction of an Alabama court. Perhaps it would add to the contacts with Alabama. However, my reason for referring to Aten International’s other litigation is to show that Aten International, although a corporation of Taiwan, is not a stranger to litigation in the United States, and is invoking judicial assistance in enforcing its patent rights — whereas, according to the panel majority, there is no tribunal in which Avocent can seek full relief under its complaint against Aten International. The concern is Due Process of law, not hypertechnical avoidance of the processes of the law.
The purpose of the declaratory action is to permit an accused party to clear the air of potential liability, by bringing its accuser to court. The accuser Aten International is the owner of the patents in suit, and is the only potential defendant in this declaratory action. In Viam the foreign patent owner had in fact sued others in the California forum, but this court in Viam did not hold that this was the reason for accepting jurisdiction in the declaratory action. 84 F.3d at 430. As in the case at bar, the court in Viam discussed that the foreign patent owner had no place of business in the United States but did its business through an Iowa distributor. Id. at 429. There was no issue in that case of “state lines,” maj. op. at 1339-40, and this court, in accepting that personal jurisdictions of the foreign patent owner was established, stressed the role of Due Process in enabling resolution of disputes involving foreign patent owners.

*1348
(6) There is no clear alternative forum for this complaint

The issue on this appeal is whether Aten International can be brought before the Northern District of Alabama on this complaint. The vast majority of the cases on which the panel majority relies, which insulate a “non-resident defendant” from personal jurisdiction, are cases in which there is an alternative forum in which the defendant can be reached, and in which considerations of Due, Process favor the alternative forum. One of the Burger King factors recites the assumption that there is an alternative forum available elsewhere than in the forum in dispute. See 471 U.S. at 477, 105 S.Ct. 2174 (explaining that “the potential clash of the forum’s law with the ‘fundamental substantive social policies’ of another State may be accommodated through application of the forum’s choice-of-law rules”). Avocent’s Complaint’s counts of violation of Alabama law by “false and misleading statements about the nature, characteristics, and/or qualities of Avocent’s SwitehView products” can not, contrary to the majority’s theory, be assumed to be available for resolution, as of right, in the District of Columbia under 35 U.S.C. § 293.
Aten International is a corporation of the Republic of China, with its address shown on the patents as Shijr, Taiwan. The record shows no corporate residence or formal place of business in the United States. Indeed, Aten International relies on its foreign residence as grounds for negating jurisdiction in the Alabama forum, as to not only the patent counts of the complaint, but also the counts of unfair competition and violations of Alabama commercial law. The patents in suit identify Aten International Co., Ltd. of Taiwan as the assignee. The patent owner is a necessary party to this action. Although the panel majority proposes that “they can sue in the district of DC,” that is far from clear. After searching, we have found no case in which the District Court for the District of Columbia, in receiving an action “respecting the patent or rights thereunder,” the words of 35 U.S.C. § 293, also adjudicated state law tort claims and unfair competition claims. Although the panel majority cites Electronics for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1348 n. 1 (Fed.Cir.2003) as holding that “the district court would also have personal jurisdiction over defendants as to the two state law claims provided [certain circumstances are met],” that was a case in the California district court, reciting the standard rules of pendent jurisdiction in federal court. There was no issue of special section 293 and its statutory assignment of jurisdiction concerning “patent rights”.
Another case cited by the panel majority is Silent Drive, Inc. v. Strong Industries, Inc., 326 F.3d 1194 (Fed.Cir.2006), again bearing no relation whatsoever to jurisdiction assigned by section 293 of the Patent Act. Silent Drive was brought in the Iowa district court, and this court stated the standard rule of supplemental jurisdiction under 28 U.S.C. § 1367(a) when the issues arise from the “same case or controversy.” Id. at 1206. The only cited case that relates to section 293 is Oetiker v. Jurid Werke, G.m.b.H, 556 F.2d 1 (D.C.Cir.1977), where the court did not invoke pendent personal jurisdiction of state law claims for there were no state law claims at issue. Instead, the court explicitly said that “the district court may have discretion to dismiss the pendent claims”, even though they were claims under federal law, specifically, a Walker Process [Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965)] antitrust claim. Id. at 5. The D.C. Circuit also remarked that if on remand the elements of antitrust violation were established, the plaintiff “may have a claim for pendent subject-matter jurisdiction *1349 over any nonfederal claims that arise from the same ‘common nucleus of operative fact’, United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a matter on which we make no comment” and for which there appears to have been no issue. Id. at 9 n. 28. Neither the panel majority, nor I, has found a case in which the District of Columbia court has resolved state tort claims in a patent case brought to that court under section 293.
Contrary to the panel majority’s hypothesis of the jurisdictional reach of the District Court of the District of Columbia, that court recently granted a foreign pat-entee defendant’s motion to dismiss a breach of contract claim for lack of personal jurisdiction, explaining that “[mjere reference to provisions contained in defendant’s patents does not transform what is essentially a contract dispute into a dispute affecting the rights under defendant’s patents.” Purdue Research Found, v. Sanofi-Synthelabo, S.A., 332 F.Supp.2d 63, 70 (D.D.C.2004). The district court emphasized:
The bare fact that defendant is a nonresident patent owner does not authorize the Court to assert personal jurisdiction over defendant under Section 293 for all matters. Moreover, plaintiffs contention that defendant is attempting to “duck” jurisdiction in United States courts, even if true, does not relieve plaintiff of its burden to establish personal jurisdiction over defendant.
Id.; see, e.g., National Patent Dev. Corp. v. T.J Smith & Nephew Ltd., 877 F.2d 1003, 1010 (D.C.Cir.1989) (“35 U.S.C. § 293 authorizes the assertion of personal jurisdiction by the United States District Court for the District of Columbia over a nonresident patentee in a suit over patent ownership.”); Gianelli v. Chirkes, 377 F.Supp.2d 49, 53 (D.D.C.2005) (dismissing the plaintiffs complaint regarding a series of patent assignment contracts for lack of subject matter jurisdiction, holding that a contract dispute does not arise under the patent law). And the Federal Circuit has been quite stingy with supplemental and pendent jurisdiction, even under 28 U.S.C. § 1367(a), holding in Jim Arnold Corp. v. Hydrotech Systems, Inc., 109 F.3d 1567 (Fed.Cir.1997) that “if the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one ‘arising under’ the patent laws.” Id. at 1572. And in all events, the district court retains significant discretion. See, e.g., Conopco, Inc. v. May Dept’ Stores Co., 46 F.3d 1556, 1571 (Fed.Cir.1994) (“The determination of whether to exercise pendent jurisdiction is a matter within the district court’s discretion.”). It is at best speculative whether Avocent could prosecute and obtain relief, if such is warranted, on all counts of its complaint in the District of Columbia. Due process and fairness are not served by enforcing a forum that neither party requested, and where only part of the dispute can reliably be adjudicated; at least when there is an alternative forum not subject to that disability.
Thus, although I assume that for the patent validity and infringement issues there is statutory jurisdiction in the District of Columbia, that is an inadequate reason to foreclose jurisdiction elsewhere on the facts that here exist. Compare Financial Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 771, 778 (D.C.Cir.1982) (holding that the district court abused its discretion in exercising pendent jurisdiction over a state breach of fiduciary duty claim related to a federal securities law claim because the resolution involved “novel and unsettled issues of District of Columbia law”), with Network Project v. Corporation for Pub. Broadcasting, 561 F.2d 963, 968 (D.C.Cir.1977) (holding that the district court abused its discretion for fail *1350 ure to exercise pendent jurisdiction over the constitutional claims related to the primary statutory claim); see also Minebea Co., Ltd. v. Papst, 13 F.Supp.2d 35, 41 (D.D.C.1998) (in a declaratory action filed by a patent licensee, the court exercised supplemental jurisdiction over plaintiffs’ fraud, contract, fiduciary, and conversion claims but declined to exercise jurisdiction over the claims of intentional interference with contractual relations and intentional interference with business relations).
Transfer to the District of Columbia was not proposed by either party. In Burger King the Court emphasized that “where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.” 471 U.S. at 477, 105 S.Ct. 2174. No such compelling ease has been presented.

(7) Due process and fairness

The plaintiffs traditional right to choose the forum is tempered by the defendant’s right to defend in a reasonably accessible forum. In Cheney v. U.S. District Court for the District of Columbia, 542 U.S. 367, 370, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) the Court explained that the district court has a constitutional responsibility to resolve cases and controversies within its jurisdiction. In turn, the question of personal jurisdiction requires an overview of all the circumstances that affect the particular case, including recognition of the right of residents of the forum to seek its jurisdiction, in light of factors that include the availability of alternative forums. However, fairness must also be considered in respect of jurisdiction of a foreign paten-tee. See Viam, 84 F.3d at 429 (emphasizing that “fair play and substantial justice” are important considerations in personal jurisdiction); Akro, 45 F.3d at 1545 (“An additional fairness inquiry rounds out the determination whether personal jurisdiction can be exercised in a given case consistent with the Due Process Clause.”).
Avocent argues that Alabama is the only forum in which all of its concerns can be resolved. Aten International does not argue that it is unfair to impose the Alabama forum; Aten International argues simply that there is not personal jurisdiction. For the combination of reasons I have set forth, it is apparent that subjecting Aten International to the Alabama forum’s jurisdiction would be neither unreasonable nor unfair. It is shown that Aten International’s contacts with the Alabama forum are not “random, fortuitous, or attenuated”, Burger King, 471 U.S. at 475, 105 S.Ct. 2174, but the normal course of regular business through established distribution to and sales by retailers in the forum. Nor is this the mere “circulation of an article”, as in Calder, 465 U.S. at 789, 104 S.Ct. 1482. Aten International has been shown to have not only “continuous and systematic general business contacts,” Helicopteros Nacionales de Colombia, S.A v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), but also has “purposefully directed [its] activities at residents of the forum”, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).
This case is not an abstruse attack on a distant manufacturer, as the panel majority suggests. In Beverly Hills Fan, 21 F.3d at 1568-69, this court explained that fair play and substantial justice favor the exercise of personal jurisdiction over the out-of-state defendants, where “the burden on [the defendants], ... is not sufficiently compelling to outweigh [the plaintiffs] and Virginia’s interests” in resolving the dispute. The panel majority’s holding that “the sale of defendant’s products — whether covered by the patent in suit or not — is not sufficient to establish specific personal ju *1351 risdiction,” maj. op. at 1338, not only contravenes precedent, but ignores all of the other factors that contribute to the relationship among plaintiff, defendant, and the forum.
Although there may indeed be circumstances in which a foreign company should properly be permitted to avoid process, here the foreign company owns United States patents, is conducting business in the United states through its United States companies and distributors, is obtaining the benefits of commerce in the United States, is threatening its United States competitors with liability, is disparaging and interfering with the business of its United States competitors in United States commerce, and is itself invoking the power of United States courts to enforce its United States patents, the same patents that Avocent is here attempting to challenge. The majority’s authority is on quite different facts, and in the rare case in which the facts are similar, as in Viam, 84 F.3d at 430, jurisdiction of the foreign company was found.
In sum, I would hold that personal jurisdiction lies in the Alabama forum. From my colleagues’ contrary holding, I respectfully dissent.